IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SICOR INC., SICOR PHARMACEUTICALS, INC., TEVA PHARMACEUTICALS USA, INC., and TEVA PHARMACEUTICAL INDUSTRIES, LTD.<br><br>Defendants. | Civil Action No. 05-336 SLR |

## SICOR PHARMACEUTICALS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Sicor Pharmaceuticals, Inc. ("Sicor Pharmaceuticals") answers the correspondingly numbered paragraphs of Plaintiffs' Complaint ("the Complaint") as follows:

### JURISDICTION AND PARTIES

1. On information and belief, Sicor Pharmaceuticals admits the allegations in paragraph 1.

2. On information and belief, Sicor Pharmaceuticals admits the allegations in paragraph 2.

3. On information and belief, Sicor Pharmaceuticals admits the allegations in paragraph 3.

4. Sicor Pharmaceuticals is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 and denies the same.

5. Paragraph 5 makes only allegations as to Teva Pharmaceutical Industries, Ltd. ("Teva Israel") and thus no response is required from Sicor Pharmaceuticals.

6. Paragraph 6 makes only allegations as to Teva Pharmaceuticals USA ("Teva USA") and Teva Israel, and thus no response is required from Sicor Pharmaceuticals.

7. Paragraph 7 makes only allegations as to Teva Israel and Teva USA, and thus no response is required from Sicor Pharmaceuticals.

8. Paragraph 8 makes only allegations as to Sicor Inc. and thus no response is required from Sicor Pharmaceuticals.

9. Paragraph 9 makes only allegations as to Sicor Inc. and thus no response is required from Sicor Pharmaceuticals.

10. To the extent that the allegations of paragraph 10 regarding "Sicor" are directed to Sicor Pharmaceuticals, it denies the same. To the extent that the allegations of paragraph 10 are directed to Sicor Inc., no response is required from Sicor Pharmaceuticals.

11. Sicor Pharmaceuticals admits that it is a Delaware corporation having its principal place of business at 19 Hughes, Irvine, California, and a wholly owned subsidiary of Sicor Inc. Sicor Pharmaceuticals denies the remaining allegations in paragraph 11.

12. To the extent that paragraph 12 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 12 makes allegations directed to Sicor Pharmaceuticals, it admits that Sicor Pharmaceuticals is a wholly owned subsidiary of Teva Israel and denies the remaining allegations of paragraph 12.

13. To the extent that paragraph 13 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 13 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

14. To the extent paragraph 14 makes allegations directed to Teva Israel, Teva USA and Sicor Inc., or states conclusions of law, no response is required from Sicor Pharmaceuticals. To the extent that paragraph 14 makes allegations directed to Sicor Pharmaceuticals, it admits that Sicor Pharmaceuticals is a wholly owned subsidiary of Teva Israel and is incorporated in Delaware, and denies the remaining allegations of paragraph 14.

15. To the extent paragraph 15 makes allegations directed to Teva USA and Sicor Inc., or states conclusions of law, no response is required from Sicor Pharmaceuticals. To the extent that paragraph 15 makes allegations directed to Sicor Pharmaceuticals, for purposes of this case only, Sicor Pharmaceuticals admits that this Court has personal jurisdiction over it and denies the remaining allegations in paragraph 15.

16. To the extent that paragraph 16 makes allegations directed to Teva Israel, Teva USA, or Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 16 makes allegations directed to Sicor Pharmaceuticals, it admits that plaintiffs purport to bring this action under the United States Patent Laws, Title 35, United States Code, including 35 U.S.C. §§ 271(b), (c), and (e), and §§ 281-285, for infringement, and admits that plaintiffs purport to base jurisdiction over the subject matter pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and, for the purposes of this case only, that venue with respect to Sicor Pharmaceuticals is proper in this judicial district. Sicor Pharmaceuticals denies the remaining allegations in paragraph 16.

## BACKGROUND

17. Sicor Inc. admits that U.S. Patent No. 5,731,296 ("the '296 patent") is entitled on its face "SELECTIVE VASODILATION BY CONTINUOUS ADENOSINE INFUSION," lists

an issue date of March 24, 1998, and a copy is attached to the Complaint. Sicor Inc. denies the remaining allegations of paragraph 17.

18.  Sicor Pharmaceuticals is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 and denies the same.

19.  Sicor Pharmaceuticals denies the allegations in paragraph 19.

20.  Paragraph 20 makes only allegations as to Teva USA and thus no response is required from Sicor Pharmaceuticals.

21.  To the extent that paragraph 21 makes allegations directed to Teva USA and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 21 makes allegations directed to Sicor Pharmaceuticals, it denies them.

22.  To the extent that paragraph 22 makes allegations directed to Teva USA, no response is required from Sicor Pharmaceuticals. To the extent that paragraph 22 makes allegations directed to Sicor Pharmaceuticals, Sicor Pharmaceuticals admits that it mailed a notice letter dated April 16, 2005, to Astellas but denies that the allegations in paragraph 22 characterize that notice letter accurately and refers the Court to the full document, which speaks for itself. On information and belief, Sicor Pharmaceuticals admits that Astellas received the April 16, 2005 letter on or about April 18, 2005. Sicor Pharmaceuticals denies the remaining allegations in paragraph 22.

23.  Sicor Pharmaceuticals admits that it filed with the FDA an Abbreviated New Drug Application ("ANDA") No. 77-425 pursuant to 21 U.S.C. § 355(j) seeking approval from the FDA to market "Adenosine Injection, USP" as a generic version of Adenoscan® as an adjunct to thallium-201 myocardial perfusion scintigraphy in patients unable to exercise adequately.

Sicor Pharmaceuticals refers the Court to the full text of ANDA No. 77-425, which speaks for itself, and denies the remaining allegations of paragraph 23.

24.     Sicor Pharmaceuticals admits that its Adenosine Injection, USP package insert will have the indications and dosage instructions approved by the FDA for Adenoscan® intravenous injection. Sicor Pharmaceuticals denies the remaining allegations of paragraph 24.

25.     Sicor Pharmaceuticals admits it filed an amendment to ANDA No. 77-425 which contains a certification with respect to the '296 patent pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Sicor Pharmaceuticals denies the remaining allegations in paragraph 25.

26.     Sicor Pharmaceuticals admits that it filed ANDA No. 77-425 seeking approval from the FDA to market "Adenosine Injection, USP" as a generic version of Adenoscan®. Sicor Pharmaceuticals denies the remaining allegations in paragraph 26.

27.     To the extent paragraph 27 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., or states conclusions of law, no response is required from Sicor Pharmaceuticals. To the extent that paragraph 27 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

28.     To the extent paragraph 28 makes allegations directed to Teva Israel, Teva USA, and Sicor, Inc., or states conclusions of law, no response is required from Sicor Pharmaceuticals. To the extent that paragraph 28 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

## Count I: Patent Infringement

29.     Sicor Pharmaceuticals denies the allegations in paragraph 29.

30. To the extent paragraph 30 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 30 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

31. To the extent paragraph 31 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent paragraph 31 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

## Count II: Declaratory Judgment

32. Sicor Pharmaceuticals repeats and incorporates herein by reference its responses to paragraphs 1-31.

33. To the extent paragraph 33 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 33 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

34. To the extent paragraph 34 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 34 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

35. To the extent paragraph 35 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 35 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

36. To the extent paragraph 36 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 36 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

37. To the extent paragraph 37 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 37 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

### Count III: Willful Patent Infringement

38. Sicor Pharmaceuticals repeats and incorporates herein by reference its responses to paragraphs 1-37.

39. To the extent paragraph 39 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 39 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

40. To the extent paragraph 40 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 40 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

41. To the extent paragraph 41 makes allegations directed to Teva Israel, Teva USA, and Sicor Inc., no response is required from Sicor Pharmaceuticals. To the extent that paragraph 41 makes allegations directed to Sicor Pharmaceuticals, it denies the same.

Sicor Pharmaceuticals further answers that any allegations in the Complaint requiring a response from Sicor Pharmaceuticals not specifically admitted are denied. Sicor Pharmaceuticals also denies that plaintiffs are entitled to the judgment and relief prayed for in paragraphs (a)-(f) of the Complaint.

## SICOR PHARMACEUTICALS' AFFIRMATIVE DEFENSES

### First Affirmative Defense:
### (Non-Infringement)

42. The manufacture, use, offer for sale, sale or importation of Adenosine Injection, USP specified in ANDA No. 77-425 does not and will not infringe one or more claims of the '296 patent, either literally or under the doctrine of equivalents.

### Second Affirmative Defense:
### (Invalidity)

43. The claims of the '296 patent are invalid under 35 U.S.C. § 101 *et seq.*

### Third Affirmative Defense:
### (Failure to State a Claim)

44. To the extent that plaintiffs allege in Count I that Sicor Inc. has infringed or will infringe and in Count III that Sicor Inc. has willfully infringed and that this case is exceptional under 35 U.S.C. § 285, the Complaint fails to state a claim upon which relief can be granted and must be dismissed.

### Fourth Affirmative Defense:
### (Lack of Subject Matter Jurisdiction)

45. To the extent that plaintiffs demand declaratory judgment seeking to enjoin "threatened infringement" before the FDA has approved ANDA 77-425, this Court lacks jurisdiction over the subject matter.

Sicor Pharmaceuticals specifically reserves the right to assert each and every other defense which may become evident in the course of discovery, including but not limited to inequitable conduct.

WHEREFORE, defendant Sicor Pharmaceuticals prays that the Court enter judgment against plaintiffs and in favor of Sicor Pharmaceuticals, dismissing with prejudice each of the

4455423

8

claims asserted by plaintiffs, and that the Court award Sicor Pharmaceuticals any other relief it deems to be just and proper.

Dated: August 8, 2005

Respectfully submitted,

John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
D. Fon Muttamara-Walker (No. 4646)
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Of Counsel:

David M. Hashmall, P.C.
Annemarie Hassett
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, D. Fon Muttamara-Walker, Esquire, hereby certify that on August 8, 2005, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Paul M. Lukoff, Esquire
PRICKETT JONES & ELLIOT, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

I further certify that on August 8, 2005, I caused copies of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following in the manner indicated:

### BY FEDERAL EXPRESS

Charles E. Lipsey, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Susan H. Griffen, Esquire
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

John Scheibeler, Esquire
WHITE & CASE, LLP
1155 Avenue of the Americas
New York, NY 10036

_____
John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
D. Fon Muttamara-Walker (No. 4646)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
fmuttamara-walker@ycst.com

*Attorneys for Defendants*