IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB,<br>ASTELLAS US LLC, and<br>ASTELLAS PHARMA US, INC.,<br><br>　　　　　　Plaintiffs,<br><br>　　　v.<br><br>SICOR INC. and SICOR<br>PHARMACEUTICALS, INC.,<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civil Action No.:  05-0336-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**SCHEDULING ORDER**

At Wilmington this _____ day of _____ 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1.　　**Pre-Discovery Disclosures**.  The parties, on September 23, 2005, were to exchange the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.　　**Discovery.**

　　　(a)　　The parties have agreed to coordinate discovery in this case with the co-pending case captioned *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 (D. Del.) (SLR).  The parties anticipate requiring discovery from each other and third parties to support their claims and/or affirmative defenses, including discovery regarding Item's and Astellas' claims of infringement and willfulness and regarding Sicor's defenses of non-infringement as to certain claims and patent invalidity, except Sicor objects to discovery

regarding willfulness, as Sicor contends willfulness is not a claim for which relief can be granted in this ANDA case.

        (b)    All fact discovery shall be commenced in time to be completed by April 21, 2006. For purposes of interrogatories and requests for admission, Astellas US LLC and Astellas Pharma US, Inc. shall be deemed one party; Sicor Inc. and Sicor Pharmaceuticals, Inc. shall be deemed one party; and Item Development AB shall be deemed one party.

        (1)    Document production shall be completed on or before January 27, 2006.

        (2)    Maximum of 25 interrogatories per party to any other party.

        (3)    The parties have agreed to exchange contentions without requiring interrogatories as follows:

    Plaintiffs shall produce preliminary infringement contentions October 28, 2005;

    Defendants shall produce preliminary non-infringement contentions November 18, 2005;

    Defendants shall produce preliminary invalidity contentions February 3, 2006;

    Plaintiffs shall produce preliminary validity contentions February 24, 2006;

    Plaintiffs shall produce final infringement contentions April 25, 2006;

    Defendants to produce final invalidity and non-infringement contentions April 28, 2006;

    Plaintiffs produce final validity contentions May 5, 2006.

    The adequacy of all contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

        (4)    Maximum of 50 requests for admission per party to any other party.

    (5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

    (6) The parties have agreed, with respect to fact depositions, to coordinate discovery in this case with the co-pending case captioned *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 (D. Del.) (SLR). In particular, the parties have agreed that for fact depositions Astellas US LLC, Astellas Pharma US, Inc., King Pharmaceuticals Research and Development Inc., and Item Development AB shall be deemed one side, and Sicor Inc. and Sicor Pharmaceuticals, Inc. shall be deemed the other side. The parties have agreed to a maximum of <u>157 hours per side</u> for fact depositions, including any deposition of a third party. No fact deposition shall exceed 7 hours, except as follows:

    a) **PLAINTIFFS' PROPOSAL:** Defendants may take up to 14 hours (over two (2) consecutive days) for each inventor and Plaintiffs may designate up to three (3) fact deponents for depositions that may take up to 14 hours (over two (2) consecutive days). As provided in Fed. R. Civ. P. 30 and the Advisory Committee Notes, in the event that either side identifies a special reason that it requires more than 7 hours to depose any other specifically identified witness, the opposing side will make reasonable efforts to accommodate that request.

    b) **DEFENDANTS' PROPOSAL:** Defendants may take up to 14 hours (over two (2) consecutive days) for each inventor. As provided in Fed. R. Civ. P. 30 and the Advisory Committee Notes, in the event that either side identifies a special reason that it requires more than 7 hours to depose any other specifically identified witness, the opposing side will make reasonable efforts to accommodate that request.

     (c)    Expert discovery shall be commenced in time to be completed by <u>August 4, 2006</u>.

     (1)    Expert reports on issues for which the parties have the burden of proof shall be due <u>May 12, 2006</u>. Rebuttal expert reports shall be due <u>June 9, 2006</u>.

     (2)    Expert depositions to be limited to a maximum of <u>7 hours</u> unless extended by agreement of the parties.

     (3)    All <u>Daubert</u> motions shall be filed on or before <u>December 15, 2006</u>.

     (d)    **PLAINTIFFS' PROPOSAL:** Sicor must inform King and Astellas as to whether it intends to rely on advice of counsel by <u>December 20, 2005</u>. If the decision is to rely on such advice, the scope of discovery shall include the materials provided by Sicor to its counsel and whatever other materials related to the issues in dispute that Sicor had in its possession at the time the advice was sought.

     **DEFENDANTS' PROPOSAL:** Plaintiffs' claim for willfulness should be dismissed and thus no date for notification of reliance on advice of counsel is needed.

     (e)    Supplementations under Rule 26(e) due <u>March 17, 2006</u>.

     (f)    **Discovery Disputes**.

     (1)    The court shall conduct in-person discovery status conferences on <u>November\_\_, 2005</u> from \_\_\_\_ .m. to \_\_\_\_ .m; <u>February\_\_, 2006</u> from \_\_\_\_ .m. to \_\_\_\_ .m., and <u>May\_\_, 2006</u> from \_\_\_\_ .m. to \_\_\_\_ .m., the time to be allocated equally among the parties.

     (2)    The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

4

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before March 30, 2006.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification**. If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 17, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before <u>August 25, 2006</u>. Summary Judgment Answering Briefs shall be served and filed on or before <u>September 15, 2006</u>. Summary Judgment Reply Briefs shall be served and filed on or before <u>September 25, 2006</u>. <u>In all other respects, the parties will follow D. Del. LR 7.1.2</u>. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

7. **Claim Construction**. The parties shall agree upon and file the Joint Claim Construction Statement on <u>August 11, 2006</u>, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on <u>August 18, 2006</u>. Simultaneous response briefs should be filed by <u>September 8, 2006</u>. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim construction and motion(s) for summary judgment will be heard on _____ (late October/early November) at _____ .m.

8. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

9. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10. **Pretrial Conference**. A pretrial conference will be held on <u>January      , 2007</u> at <u>    </u> .m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11. **Trial.** This matter is scheduled for a bench trial commencing on <u>February      , 2007</u> in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

**PLAINTIFFS' PROPOSAL:** Trial will be scheduled for 7 days immediately preceding the trial in the matter of *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 (D. Del.) (SLR).

**DEFENDANTS' PROPOSAL:** This matter should be consolidated for trial with *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 (D. Del.) (SLR). The consolidated trial will be scheduled for 7 trial days.

_____
United States District Judge

**Appendix A**
(case schedule for *Item Development AB v. Sicor Inc., et al.*, Civil Action No. 05-336 SLR)

| Action/Event | Date |
| --- | --- |
| Initial Disclosures | September 23, 2005 |
| Rule 16(b) Conference | September 27, 2005 8:30 a.m. |
| First of the Court's in-person discovery status conferences | November __, 2005 |
| Plaintiffs shall produce preliminary infringement contentions | October 28, 2005 |
| Defendants shall produce preliminary non-infringement contentions | November 18, 2005 |
| **PLAINTIFFS' PROPOSAL:** Notification by Defendants of Reliance on Advice of Counsel<br><br>**DEFENDANTS' PROPOSAL:** No date for notification is needed because Plaintiffs' claim for willfulness is not a claim for which relief can be granted in this ANDA case. | December 20, 2005 |
| Document production completed | January 27, 2006 |
| Second of the Court's in-person discovery status conferences | February 2006 |
| Defendants shall produce preliminary invalidity contentions | February 3, 2006 |
| Plaintiffs shall produce preliminary validity contentions | February 24, 2006 |
| Supplementation under Rule 26(e) | March 17, 2006 |
| Pre-*Markman* exchange of list of claim terms that need construction and proposed constructions | March 17, 2006 |
| Deadline for joinder of parties and amendment of pleadings | March 30, 2006 |
| Fact discovery completed | April 21, 2006 |
| Plaintiffs shall produce final infringement contentions | April 25, 2006 |
| Defendants to produce final invalidity and non-infringement contentions | April 28, 2006 |
| Third of the Court's in-person discovery status conferences | May 2006 |

| Action/Event | Date |
|---|---|
| Plaintiffs produce final validity contentions | May 5, 2006 |
| Parties to serve expert reports on issues on which they have the burden of proof | May 12, 2006 |
| Parties to serve rebuttal expert reports | June 9, 2006 |
| Close of expert discovery | August 4, 2006 |
| Joint claim construction statement filed | August 11, 2006 |
| Simultaneous filing of opening claim construction briefs | August 18, 2006 |
| **Fact Witness Identification and Additional Deposition Period** | |
|     Exchange of Fact Witness Lists (within 1 month of close of expert discovery) | September 1, 2006 |
|     Exchange of Rebuttal Fact Witness Lists (within 1 month of receipt of fact witness list) | October 2, 2006 |
|     Depositions of Fact Witnesses Not Previously Deposed (within 1 month of receipt of rebuttal fact witness list) | November 1, 2006 |
| Summary Judgment Briefs | August 25, 2006 |
| Simultaneous filing of response claim construction briefs | September 8, 2006 |
| Summary Judgment Opposition Brief(s) | September 15, 2006 |
| Summary Judgment Reply Brief(s) | September 25, 2006 |
| Summary judgment and claim construction hearing | Late October/early November 2006 |
| *Daubert* Motions | December 15, 2006 |
| Pretrial conference | January 2007 |
| Trial | February 2007 |