IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SICOR INC. and SICOR PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) Civil Action No.: 05-336-SLR ) ) ) ) ) ) ) ) |

**SCHEDULING ORDER**

At Wilmington this __13th__ day of __October__ 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b),

IT IS ORDERED that:

1. **Pre-Discovery Disclosures**. The parties, on September 23, 2005, exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery**.

    (a) The parties have agreed to coordinate discovery in this case with the co-pending case captioned *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 SLR (D. Del.). The parties anticipate requiring discovery from each other and third parties to support their claims and/or affirmative defenses, including discovery regarding Item's and Astellas' claims of infringement and willfulness and regarding Sicor's defenses of non-infringement as to certain claims and patent invalidity, except Sicor objects to discovery

regarding willfulness, as Sicor contends willfulness is not a claim for which relief can be granted in this ANDA case.

 (b) All fact discovery shall be commenced in time to be completed by April 21, 2006. For purposes of interrogatories and requests for admission, Astellas US LLC and Astellas Pharma US, Inc. shall be deemed one party; Sicor Inc. and Sicor Pharmaceuticals, Inc. shall be deemed one party; and Item Development AB shall be deemed one party.

  (1) Document production shall be completed on or before January 27, 2006.

  (2) Maximum of 25 interrogatories per party to any other party.

  (3) The parties have agreed to exchange contentions without requiring interrogatories as follows:

Plaintiffs shall produce preliminary infringement contentions October 28, 2005;

Defendants shall produce preliminary non-infringement contentions November 18, 2005;

Defendants shall produce preliminary invalidity contentions February 3, 2006;

Plaintiffs shall produce preliminary validity contentions February 24, 2006;

Plaintiffs shall produce final infringement contentions April 25, 2006;

Defendants to produce final invalidity and non-infringement contentions April 28, 2006;

Plaintiffs shall produce final validity contentions May 5, 2006.

The adequacy of all contentions shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  (4) Maximum of 50 requests for admission per party to any other party.

(5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6)) shall be scheduled prior to the completion of document production.

(6) The parties have agreed, with respect to fact depositions, to coordinate discovery in this case with the co-pending case captioned *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 SLR (D. Del.). In particular, the parties have agreed that for fact depositions Astellas US LLC, Astellas Pharma US, Inc., King Pharmaceuticals Research and Development Inc., and Item Development AB shall be deemed one side, and Sicor Inc. and Sicor Pharmaceuticals, Inc. shall be deemed the other side. The parties have agreed to a maximum of 157 hours per side for fact depositions, including any deposition of a third party. No fact deposition shall exceed 7 hours, except as follows: Defendants may take up to 14 hours (over two (2) consecutive days) for each inventor and Plaintiffs may designate up to one (1) fact deponent for deposition that may take up to 14 hours (over two (2) consecutive days). As provided in Fed. R. Civ. P. 30 and the Advisory Committee Notes, in the event that either side identifies a special reason that it requires more than 7 hours to depose any other specifically identified witness, the opposing side will make reasonable efforts to accommodate that request.

(c) Expert discovery shall be commenced in time to be completed by August 4, 2006.

(1) Expert reports on issues for which the parties have the burden of proof shall be due May 12, 2006. Rebuttal expert reports shall be due June 9, 2006.

(2) Expert depositions to be limited to a maximum of 7 hours unless extended by agreement of the parties.

(3) All Daubert motions shall be filed on or before December 15, 2006.

(d) Sicor must inform Item and Astellas as to whether it intends to rely on the advice of counsel as a defense to willful infringement by February 21, 2006. If the decision is to rely on such defense, the scope of discovery shall include all of the information Sicor possessed, prior to or at the time Sicor obtained opinions of counsel, as to the subject matters discussed in such opinions.

(e) Supplementations under Rule 26(e) due March 17, 2006.

(f) **Discovery Disputes**.

(1) The court shall conduct in-person discovery status conferences on November 16, 2005 from 4:30 p.m. to 5:30 p.m; February 14, 2006 from 4:30 p.m. to 5:30 p.m.; and May 16, 2006 from 4:30 p.m. to 5:30 p.m., the time to be allocated equally among the parties.

(2) The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3) Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g) **Fact Witnesses to be Called at Trial**. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously

been disclosed during discovery and that it intends to call at trial. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such depositions shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3. **Joinder of Other Parties and Amendment of Pleadings.** All motions to join other parties and amend the pleadings shall be filed on or before March 30, 2006.

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification.** If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on March 17, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Claim Construction.** The parties shall agree upon and file the Joint Claim Construction Statement on August 11, 2006, with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on August 18, 2006. Simultaneous response briefs should be filed by September 8, 2006. The hearing on claim construction will be held on October 25, 2006 at 3:00 p.m.

7. **Applications by Motion.** Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion,** absent express approval by the court.

(a) **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.**

(b) No telephone calls shall be made to chambers.

(c) Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers at: slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said e-mails.

8. **Motions in Limine.** No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

9. **Pretrial Conference.** A pretrial conference will be held on <u>January 31, 2007</u> at <u>4:30</u> p.m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

10. **Trial.** This matter and the matter of *King Pharmaceuticals Research and Development, Inc., Astellas US LLC, and Astellas Pharma, Inc. v. Sicor Inc. and Sicor Pharmaceuticals, Inc.*, Civil Action No. 05-337 SLR (D. Del.) are scheduled for a bench trial during a period of up to fourteen (14) days commencing on February 12, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of

hours in which to present their respective cases. Prior to the pretrial conference, the parties will discuss whether the cases should be consolidated for trial and, if not, which of the two matters should be tried first.

                                                                                                                                     */s/*

United States District Judge