## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC and ASTELLAS PHARMA US, INC., | ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | Civil Action No.:  05-0336-SLR |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., | ) ) ) | |
| **Defendants.** | ) ) ) | |

### FIRST NOTICE OF DEPOSITION OF SICOR, INC.
### AND SICOR PHARMACEUTICALS, INC.
### PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)

**PLEASE TAKE NOTICE** that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs Astellas US, LLC, Astellas Pharma US, Inc. and Item Development AB shall take the deposition of Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor"). The oral examination of Sicor shall begin at 9:30 a.m.on February 21, 2006, at the offices of Morris, James, Hitchens & Williams LLP, 222 Delaware Avenue, 10th Floor, Wilmington, Delaware 19801, or at another mutually agreed-upon time and location.  The deposition will be taken before a notary public or some other officer authorized to administer oaths under the law, will be recorded by stenographic means and by videotape, and will continue from day to day until completed.

In accordance with Rule 30(b)(6), Sicor is requested to designate one or more officers, directors, managing agents, or other persons authorized to testify on Sicor's behalf "as to matters known or reasonably available to" Sicor regarding the subjects identified in Schedule A.  Plaintiffs also request that Sicor provide Plaintiffs with written notice at least five (5) business days before the deposition of the name of each witness and of the matters set forth in Schedule A as to which each

witness will testify.

This deposition shall be for the purpose of discovery, memorializing the testimony of the

corporation on the topics identified in this First Notice, for use at trial and other proceedings

between the parties, and any and all other uses permitted by the Federal Rules of Civil Procedure

and Evidence.

You are invited to attend and examine the witness(es).

Dated: February 7, 2006                        _____*/s/ Richard K. Herrmann*_____
                                               Richard K. Herrmann #405
                                               Mary B. Matterer #2696
                                               MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                                               222 Delaware Avenue
                                               10th Floor
                                               Wilmington, DE  19801
                                               (302) 888-6800
                                               rherrmann@morrisjames.com

                                               Susan H. Griffen
                                               David P. Frazier
                                               FINNEGAN, HENDERSON, FARABOW,
                                                 GARRETT & DUNNER, LLP
                                               901 New York Avenue
                                               Washington, D.C.  20001-4413
                                               (202) 408-4000

                                               Paul M. Lukoff #96
                                               David E. Brand #201
                                               PRICKETT, JONES & ELLIOTT, P.A.
                                               1310 King Street
                                               P. O. Box 1328
                                               Wilmington, DE  19899
                                               (302) 888-6500

                                               John Scheibeler
                                               WHITE & CASE LLP
                                               1155 Avenue of the Americas
                                               New York, NY  10036
                                               (212) 819-8830

                                               *Attorneys for Plaintiffs*

**SCHEDULE A**

**DEFINITIONS**

1.      The term "Sicor" (*see* Stipulation of Dismissal, [D.I. 10]) refers to Sicor Inc.,
Sicor Pharmaceuticals, Inc., Teva Pharmaceuticals USA, Inc. and Teva Pharmaceutical
Industries, Ltd. (collectively "Teva"), and, whether owned wholly or only partially, Sicor
subsidiaries, affiliates, divisions, and corporate predecessors, and Teva corporate predecessors,
and every present and former director, agent, employee, consultant, expert, attorney,
representative, nominee, and all other persons acting or purporting to act on behalf of those
corporations, subsidiaries, affiliates, divisions, and predecessors.

2.      The term "Accused Product(s)" shall refer to Sicor's proposed Adenosine
Injection, USP, 60mg/20ml and 90mg/30ml as specified in ANDA No. 77-425, and/or referred to
in Defendants' Supplemental Preliminary Non-Infringement Contentions Regarding U.S. Patent
No. 5,731,296 as "Sicor's Adenosine Product."

3.      The term "the '296 patent" shall mean U.S. Patent No. 5,371,296.

4.      The use of a verb in any tense shall be construed as the use of the verb in all other
tenses, and the singular form shall be deemed to include the plural and vice-versa.

5.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive
wherever they appear, and neither of these words shall be interpreted to limit the scope of a
request.

6.      As used herein, "include" and "including" shall be construed to mean "without
limitation," so as to acquire the broadest meaning possible.

7.      As used herein, "any" and "all" shall each be construed to mean "each and every,"
so as to acquire the broadest meaning possible.

-4-

8.      As used herein, "relating" to any given subject means, without limitation, identifying, describing, discussing, concerning, assessing, stating, reflecting, constituting, containing, embodying, tending to support or refute, referring directly or indirectly to, in any way, the particular subject matter identified.

**TOPICS OF EXAMINATION**

1.  The factual bases for Sicor's contention that the claim element "selectively vasodilating the arteries without inducing significant venous dilation" of claims 1, 3, and 7 of the '296 patent is not met by the Accused Products.

2.  The factual bases for Sicor's contention that the claim element "inducing a reduced afterload without reducing the preload" of claim 9 of the '296 patent is not met by the Accused Products.

3.  The method in which Sicor intends its Accused Products to be used.

4.  The composition of Sicor's Accused Products.

5.  Sicor's decision to develop an adenosine-containing product for use as an adjunct in myocardial perfusion imaging.

6.  Sicor's decision to develop its Accused Products.

7.  Sicor's knowledge of Astellas's Adenoscan® product, including but not limited to Sicor's knowledge of Astellas's Adenoscan® product prior to its decision to develop its Accused Products.

8.  Comparisons done by or on behalf of Sicor between Sicor's Accused Products and Astellas's Adenoscan®.

9.  Comparisons done by or on behalf of Sicor between Sicor's Accused Products and any claim of the '296 patent.

10. All tests of Sicor's Accused Products that relate in any way to determining whether or not Sicor's Accused Product selectively vasodilated the arteries without inducing significant venous dilation.

11. All tests of Astellas's Adenoscan® that relate in any way to determining whether or not Astellas's Adenoscan® selectively vasodilated the arteries without inducing significant venous dilation.

12. Any consideration or analysis of Astellas's Adenoscan® product insert.

13. The drafting of the proposed product inserts for Sicor's Accused Products.

14. All decisions on the wording of the proposed product inserts for Sicor's Accused Products.

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of February, 2006, I electronically filed the foregoing document, **FIRST NOTICE OF DEPOSITION OF SICOR, INC. AND SICOR PHARMACEUTICALS, INC. PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)**, with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Paul M. Lukoff                                    Josy W. Ingersoll
David E. Brand                                    John W. Shaw
Prickett, Jones & Elliott, P.A.                   Young Conaway Stargatt & Taylor, LLP
1310 King Street                                  The Brandywine Building
Wilmington, DE  19801                             1000 West Street, 17th Floor
                                                  Wilmington, DE  19801

Additionally, I hereby certify that on the 7th day of February, 2006, the foregoing document was served via email and Federal Express on the following non-registered participants:

John Scheibeler                                   Annemarie Hassett
White & Case, LLP                                 Melanie Rupert
1155 Avenue of the Americas                       Goodwin Proctor LLP
New York, NY  10036                               599 Lexington Avenue
jscheibeler@whitecase.com                         New York, NY  10022
                                                  ahassett@goodwinproctor.com

                    */s/ Richard K. Herrmann*
                    Richard K. Herrmann (#405)
                    Mary B. Matterer (#2696)
                    MORRIS, JAMES, HITCHENS & WILLIAMS LLP
                    222 Delaware Avenue, 10th Floor
                    Wilmington, Delaware 19801
                    (302) 888-6800
                    rherrmann@morrisjames.com

                    *Attorneys for Plaintiffs*