IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ITEM DEVELOPMENT AB,
ASTELLAS US LLC and
ASTELLAS PHARMA US, INC.,

        Plaintiffs,

    v.

SICOR INC. and
SICOR PHARMACEUTICALS, INC.,

        Defendants.

Civil Action No.: 05-0336-SLR

**Redacted Version -
Publicly Filed**

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

*Attorneys for Defendants Sicor Inc. and Sicor
Pharmaceuticals, Inc.*

Of Counsel:

David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)
Goodwin Procter LLP
599 Lexington Aveneue
New York, NY 10022
(212) 813-8800

Dated:  February 27, 2006

**SICOR'S OBJECTIONS TO THIRD NOTICE OF DEPOSITION OF
SICOR INC. AND SICOR PHARMACEUTICALS, INC.
PURSUANT TO FED. R. CIV. P. RULE 30(b)(6)**

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") hereby

object to the February 9, 2006 Third Notice of Deposition of Sicor Inc. and Sicor

Pharmaceuticals, Inc. as follows:

## GENERAL OBJECTIONS

1.      Sicor objects to each deposition topic to the extent that it seeks to impose

requirements or obligations in addition to or different from those imposed by the Federal Rules

of Civil Procedure or the Local Civil Rules of the United States District Court for the District of

Delaware.

2.      Sicor objects to each deposition topic to the extent it seeks to obtain information

that is protected from discovery by the attorney-client privilege, the work product doctrine or by

any other applicable immunity or privilege.

3.      Sicor objects to each deposition topic to the extent that it calls for expert

testimony.

4.      Sicor objects to each deposition topic to the extent that it is duplicative of other

discovery produced in this case, or of discovery which is more easily available through other,

more appropriate and/or less-burdensome means.

5.      Sicor objects to each deposition topic to the extent that it is vague and indefinite,

overly broad, unduly burdensome or calls for testimony that is neither relevant to any issue in

this action nor reasonably calculated to lead to the discovery of relevant or admissible evidence.

6.      Sicor objects to each topic to the extent that it seeks legal analysis or conclusions.

7.    Sicor's statement that it will produce a corporate designee for examination should not be construed to mean that Sicor has knowledge with respect to the topic at issue.

8.    Sicor objects to Definition 1 to the extent that it seeks information not within Sicor's possession, custody or control and beyond the scope of Rule 30(b)(6), Fed. R. Civ. P.

9.    Sicor objects to Definition 8 on the grounds that it is overly broad, vague, ambiguous and so expansive as to be virtually meaningless as it calls for, *inter alia*, anything "referring directly or indirectly to" "in any way" a given subject matter.  Sicor shall construe "relating" as "referring to, describing, evidencing, or constituting."

10.    Sicor objects to the noticed date of March 21, 2006 and states that a witness or witnesses will be made available on a mutually agreeable date.

## SPECIFIC OBJECTIONS

**Topic No. 1:**



**Objection to Topic No. 1:**

REDACTED

**Topic No. 2:**

REDACTED

**Objection to Topic No. 2:**

REDACTED

**Topic No. 3:**

REDACTED

**Objection to Topic No. 3:**

REDACTED

**Topic No. 4:**

REDACTED



**Objection to Topic No. 4:**

:



**Topic No. 5:**



**Objection to Topic No. 5:**

:



**Topic No. 6:**

The factual bases for Sicor's denial of the averments of Paragraph 29 of the Complaint in this action.

**Objection to Topic No. 6:**

Sicor objects to this Topic to the extent that it seeks information protected from discovery

by the attorney-client privilege and/or the work product doctrine. Sicor further objects to this

Topic to the extent that it calls for information that is properly the subject of expert testimony.

:

Sicor also objects to this Topic to the extent that it calls for legal analysis, conclusions and/or

testimony concerning Sicor's legal contentions.

Respectfully submitted,

Josy W. Ingersoll (No. 1088)
*jingersoll@ycst.com*
John W. Shaw (No. 3362)
*jshaw@ycst.com*
Monté T. Squire (No. 4764)
*msquire@ycst.com*
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware  19899-0391
(302) 571-6600

Of Counsel:

David M. Hashmall, P.C. (admitted *pro hac vice*)
Annemarie Hassett (admitted *pro hac vice*)
Goodwin Procter LLP
599 Lexington Aveneue
New York, NY 10022
(212) 813-8800

*Attorneys for Defendants Sicor Inc. and Sicor
Pharmaceuticals, Inc.*

Dated:  February 27, 2006

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on February 27, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

>Paul M. Lukoff, Esquire
>PRICKETT JONES & ELLIOT, P.A.
>1310 King Street
>P.O. Box 1328
>Wilmington, DE 19899

>Richard K. Herrmann, Esquire
>Morris James Hitchens & Williams
>222 Delaware Avenue, 10th Floor
>P.O. Box 2306
>Wilmington, DE 19899-2306

I further certify that on February 27, 2006, I caused copies of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following in the manner indicated:

### BY E-MAIL

>Charles E. Lipsey, Esquire
>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
>Two Freedom Square
>11955 Freedom Drive
>Reston, VA 20190-5675

>Susan H. Griffen, Esquire
>FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
>901 New York Avenue, N.W.
>Washington, DC 20001-4413

John Scheibeler, Esquire
WHITE & CASE, LLP
1155 Avenue of the Americas
New York, NY 10036


John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Defendants*

**Other Documents**
1:05-cv-00336-SLR Item Development AB et al v. SICOR Inc. et al

**U.S. District Court**

**District of Delaware**

Notice of Electronic Filing

The following transaction was received from Squire, Monte entered on 2/27/2006 at 9:02 PM EST and filed on 2/27/2006

**Case Name:**      Item Development AB et al v. SICOR Inc. et al
**Case Number:**    1:05-cv-336
**Filer:**         SICOR Pharmaceuticals, Inc.
              SICOR Inc.

**Document Number:** 49

**Docket Text:**
OBJECTIONS by SICOR Inc., SICOR Pharmaceuticals, Inc. to [39] Notice to Take Deposition, *of Sicor Pursuant to Fed. R. Civ. P. Rule 30(b)(6) - Third Notice [FILED UNDER SEAL]*. (Squire, Monte)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=2/27/2006] [FileNumber=175417-0]
[1a1cd9981ccec37c0081a3c8b4d1ceb8914a9829f0940d4fb21815fe5bd4d5b647ec
de603259245ef85fd5207c7b781cb33484cd3fa057cdad04224c679c3560]]

**1:05-cv-336 Notice will be electronically mailed to:**

Richard K. Herrmann    rherrmann@morrisjames.com,

Karen Elizabeth Keller    corporate@ycst.com, corpcal@ycst.com

Paul M. Lukoff    pmlukoff@prickett.com, mhlengle@prickett.com; debrand@prickett.com

Doungamon Fon Muttamara-Walker    fmuttamara-walker@ycst.com, corporate@ycst.com; hhall@ycst.com; corpcal@ycst.com

**1:05-cv-336 Notice will be delivered by other means to:**

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 14, 2006, I

caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of

the Court using CM/ECF, which will send notification that such filing is available for viewing and

downloading to the following counsel of record:

Paul M. Lukoff, Esquire
Prickett Jones & Elliot, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

I further certify that on March 14, 2006, I caused copies of the foregoing document

to be served by hand delivery on the above listed counsel of record and on the following in the

manner indicated:

### BY E-MAIL

Charles E. Lipsey, Esquire
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Susan H. Griffen, Esquire
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

John Scheibeler, Esquire
WHITE & CASE, LLP
1155 Avenue of the Americas
New York, NY 10036

John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Karen E. Keller (No. 4489)
Monté T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR LLP
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com
*Attorneys for Defendants*