# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC., ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 05-336 SLR |
| v. ) ) | |
| SICOR INC. AND SICOR PHARMACEUTICALS, INC., ) ) ) | |
| Defendants. ) ) ) | |

### DEFENDANTS' SECOND SUPPLEMENTAL PRELIMINARY NON-INFRINGEMENT CONTENTIONS REGARDING U.S. PATENT NO. 5,731,296

Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively "Sicor") hereby serve their Second Supplemental Preliminary Non-infringement Contentions Regarding U.S. Patent No. 5,731,296, pursuant to the schedule set at the February 14, 2006, discovery status conference. These contentions are being made prior to the close of fact discovery and prior to any expert discovery in this action. Sicor reserves the right to amend its preliminary non-infringement contentions at a later date, as contemplated by the Scheduling Order.

As a preliminary matter, and in response to general statements in Plaintiffs' October 28, 2005 Preliminary Infringement Contentions Regarding U.S. Patent No. 5,731,296 ("Plaintiffs' Preliminary Contentions"), Sicor disputes Plaintiffs' contention that anything contained in or omitted from Sicor's April 16, 2005 Detailed Statement is an admission of infringement. *See* Plaintiffs' Preliminary Contentions at 2.

Sicor further states that Plaintiffs' May 26, 2005 Complaint broadly asserted infringement of each and every claim of U.S. Patent No. 5,731,296 ("the '296 patent"), but in Plaintiffs' Preliminary Contentions, Plaintiffs narrowed their assertions of infringement to only claims 1, 3, 7, and 9 of the '296 patent. Based on present information, Sicor does not believe that Adenosine Injection, USP, 60mg/20 ml and 90 mg/30 ml as specified in ANDA No. 77-425 ("Sicor's Adenosine Product") infringes the asserted claims of the '296 patent. Specifically, Sicor believes that the claim elements identified below are not met:

| Asserted Claims of the '296 Patent | Claim Elements Not Met By Sicor's Proposed Labeling and Proposed Package Insert |
|---|---|
| **Claim 1** A method of selectively vasodilating the arteries of a human patient without inducing significant venous dilation and without pretreatment with dipyridamole, comprising continuously administering into the blood stream of said patient adenosine at a rate of administration of 0.35 milligrams of adenosine per kilogram body weight per minute, or less. | selectively vasodilating the arteries

without inducing significant venous dilation

Sicor further states that Plaintiffs' Preliminary Infringement Contentions Regarding U.S. Patent No. 5,731,296 ("Plaintiffs' Contentions") do not demonstrate that these elements of the asserted claims are met. Rather, Plaintiffs' Contentions quote from Sicor's Proposed Labeling and Proposed Package Insert, which state only that "Adenosine is a potent vasodilator in most vascular beds . . . ." Sicor notes that both veins and arteries are "vascular beds." Sicor also notes that the term "vasodilator" refers generally to dilation of blood vessels, which includes arteries and veins. Sicor further notes that the full quote from the proposed labeling and package insert states that "Adenosine is a potent vasodilator in most vascular beds, except in renal afferent arterioles and hepatic veins where it produces vasoconstriction." Defendants' dispute that the cited portions of the proposed labeling and package insert on which Plaintiffs' rely meet the claim elements of "selectively |

2

| | |
|---|---|
| | vasodilating the arteries of a human patient" "without inducing significant venous dilation." |
| **Claim 3**<br>A method of selectively vasodilating the arteries of a human patient without inducing significant venous dilation and without pretreatment with dipyridamole, comprising continuously administering into the blood stream of said patient by intravenous administration about 0.05 milligrams to about 0.30 milligrams of adenosine per kilogram body weight per minute. | selectively vasodilating the arteries<br><br>without inducing significant venous dilation<br><br>Plaintiffs' Contentions do not demonstrate that these elements of the asserted claims are met. Rather, Plaintiffs' Contentions quote from Sicor's Proposed Labeling and Proposed Package Insert, which state only that "Adenosine is a potent vasodilator in most vascular beds . . . ." Sicor notes that both veins and arteries are "vascular beds." Sicor also notes that the term "vasodilator" refers generally to dilation of blood vessels, which includes arteries and veins. Sicor further notes that the full quote from the proposed labeling and package insert states that "Adenosine is a potent vasodilator in most vascular beds, except in renal afferent arterioles and hepatic veins where it produces vasoconstriction." Defendants' dispute that the cited portions of the proposed labeling and package insert on which Plaintiffs' rely meet the claim elements of "selectively vasodilating the arteries of a human patient" "without inducing significant venous dilation." |
| **Claim 7**<br>A method of selectively vasodilating the arteries of a human patient without inducing significant venous dilation and without pretreatment with dipyridamole, comprising continuously administering into the blood stream of said patient adenosine at a rate of administration of 0.01 to 0.15 milligrams of adenosine per kilogram body weight per minute. | selectively vasodilating the arteries<br><br>without inducing significant venous dilation<br><br>Plaintiffs' Contentions do not demonstrate that these elements of the asserted claims are met. Rather, Plaintiffs' Contentions quote from Sicor's Proposed Labeling and Proposed Package Insert, which state only that "Adenosine is a potent vasodilator in most vascular beds . . . ." Sicor notes that both veins and arteries are "vascular beds." Sicor also notes that the term "vasodilator" refers |

| | |
|---|---|
| | generally to dilation of blood vessels, which includes arteries and veins. Sicor further notes that the full quote from the proposed labeling and package insert states that "Adenosine is a potent vasodilator in most vascular beds, except in renal afferent arterioles and hepatic veins where it produces vasoconstriction." Defendants' dispute that the cited portions of the proposed labeling and package insert on which Plaintiffs' rely meet the claim elements of "selectively vasodilating the arteries of a human patient" "without inducing significant venous dilation." |
| **Claim 9**<br>A method for inducing a reduced afterload in the vascular system of a human without reducing the preload and without pretreatment with dipyridamole, the method comprising continuously administering into the blood stream of said patient adenosine at a rate of administration of 0.35 milligrams of adenosine per kilogram body weight per minute, or less. | inducing a reduced afterload<br><br>without reducing the preload<br><br>When these claim terms are properly construed, neither claim element is met by the portions of Sicor's Proposed Labeling and Proposed Package Insert cited by Plaintiffs.<br><br>Sicor maintains that "inducing a reduced afterload" is properly construed as equivalent to the phrase "activity of adenosine is limited to dilation of arteries." Sicor further maintains that "without reducing the preload" is properly construed as equivalent to the phrase "adenosine has little or no effect as a dilator of veins."<br><br>Plaintiffs' Contentions quote from Sicor's Proposed Labeling and Proposed Package Insert, which state only that "Adenosine is a potent vasodilator in most vascular beds . . . ." Sicor notes that both veins and arteries are "vascular beds." Sicor also notes that the term "vasodilator" refers generally to dilation of blood vessels, which includes arteries and veins. Sicor further notes that the full quote from the proposed labeling and package insert states that "Adenosine is a potent vasodilator in most vascular beds, except in renal afferent arterioles and hepatic veins where it produces |

4

| | |
|---|---|
| | vasoconstriction." Defendants' dispute that the cited portions of the proposed labeling and package insert on which Plaintiffs' rely meet the claim elements of "selectively vasodilating the arteries of a human patient" "without inducing significant venous dilation." |

Sicor reserves the right to supplement, modify, or amend this statement regarding non-infringement of the asserted claims at a later date, as contemplated by the Scheduling Order.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

Dated: March 31, 2006

_____
John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
*msquire@ycst.com*

Of Counsel:

David M. Hashmall, P.C.
Annemarie Hassett
GOODWIN PROCTER LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800

*Attorneys for Defendants Sicor Inc. and Sicor Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I, Monté T. Squire, Esquire, hereby certify that on March 31, 2006, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Paul M. Lukoff, Esquire
Prickett Jones & Elliot, P.A.
1310 King Street
P.O. Box 1328
Wilmington, DE 19899

Richard K. Herrmann, Esquire
Morris James Hitchens & Williams
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306

I further certify that on March 31, 2006, I caused copies of the foregoing document to be served by hand delivery on the above listed counsel of record and on the following in the manner indicated:

**BY E-MAIL & FEDERAL EXPRESS**

Charles E. Lipsey, Esquire
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Susan H. Griffen, Esquire
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, LLP
901 New York Avenue, N.W.
Washington, DC 20001-4413

John Scheibeler, Esquire
WHITE & CASE, LLP
1155 Avenue of the Americas
New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Monté T. Squire
John W. Shaw (No. 3362)
Josy W. Ingersoll (No. 1088)
Monté T. Squire (No. 4764)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
msquire@ycst.com

*Attorneys for Defendants*