IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC.<br><br>Plaintiffs,<br><br>v.<br><br>SICOR INC. and SICOR PHARMACEUTICALS, INC.<br><br>Defendants. | Civil Action No. 05-336-SLR |

## STIPULATION AND PROPOSED ORDER

Plaintiffs Item Development AB ("Item"), Astellas US LLC, and Astellas Pharma US, Inc. (collectively, "Astellas") and defendants Sicor Inc. and Sicor Pharmaceuticals, Inc. (collectively, "Sicor") stipulate and agree that, notwithstanding the provisions of Federal Rule of Civil Procedure 26 and any applicable case law, the scope of allowable expert discovery will be limited as set out below. The parties understand that a stipulation and order identical in substance also will be entered in *King Research and Development, Inc. et al. v. Sicor, Inc. and Sicor Pharmaceuticals, Inc.*, No. 05-337. The parties stipulate and agree that:

1. The parties will produce to one another their respective experts' final reports and curricula vitae, and at the same time will either identify, by production number where available, or produce a clean copy of those documents that the experts relied on in the course of preparing and rendering their opinions, if the documents have not already been produced. Except as provided in paragraph 4 below, no other documents relating to expert reports will be produced, provided, however, that nothing in this agreement is intended to bar discovery otherwise

discoverable from a party or third party outside of the context of expert discovery or intended to alter the applicable rules regarding discovery of prior testimony or statements by an expert witness.

2.      The parties will not seek to discover experts' notes, drafts of expert reports, or communications with counsel in preparation for depositions or drafting of expert reports.

3.      Subject to the restrictions set forth above, the parties shall be entitled to seek discovery regarding the process undertaken by experts in preparing reports, such as who prepared each section of the report, how much time was spent drafting the report, or who the expert spoke with concerning the substance of the expert's opinions during the course of drafting the expert report, and to seek discovery regarding the content of any communications between any expert and any fact witness at any time. The parties expressly agree, however, that notwithstanding the provisions of this paragraph, they will not seek discovery into the substance of any drafts of expert reports, the substance of any comments made on drafts of expert reports, the substance of any proposed edits to expert reports, or the substance of any communications with counsel regarding the substance of the opinions expressed in the expert reports.

4.      In addition to the discovery described in paragraph 3, the parties shall produce all test results and all underlying data and documents for any tests the expert or any other consultant or expert conducts if (1) the expert relies on or refers to the tests in the expert's report or testimony or (2) the expert was involved in any manner in the tests and the tests relate to a subject on which the expert will testify. In either case (1) or case (2), the parties shall be entitled to seek discovery regarding the substance of any communications concerning the tests between the expert and any other expert or consultant who participated in the tests. In either case (1) or case (2), if such tests were conducted by another expert or consultant, the parties will make that

other expert or consultant available for deposition and will produce all data and documents concerning all tests conducted by that other expert or consultant in connection with this litigation, and relating to the subject matter of the testifying expert's testimony or report, whether or not the testifying expert relies on all of the tests. There shall be no discovery of communications between counsel and such other expert or consultant.

Dated: May ___, 2006

| MORRIS JAMES HITCHENS & WILLIAMS | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| /s/ Mary B. Matterer | /s/ Monté T. Squire |
| Richard K. Herrmann (No. 405)<br>Mary B. Matterer (No. 2696)<br>222 Delaware Avenue, 10th Fl.<br>P.O. Box 2306<br>Wilmington, DE 19899-2306<br>Telephone: (302)-888-6816<br>rherrmann@morrisjames.com<br>*Attorneys for Astellas US LLC and Astellas Pharma US, Inc.* | John W. Shaw (No. 3362)<br>Monté T. Squire (No. 4764)<br>The Brandywine Building<br>1000 West Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 571-6600<br>msquire@ycst.com<br>*Attorneys for Sicor, Inc. and Sicor Pharmaceuticals, Inc.* |

SO ORDERED this _____ day of _____, 2006.

_____
United States District Judge