IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC., <br><br> Plaintiffs, <br><br> v. <br><br> SICOR INC. and SICOR PHARMACEUTICALS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) Civ. No. 05-336-SLR ) ) ) ) ) ) |

**O R D E R**

At Wilmington this 29th day of June, 2006, having reviewed defendants' motion to amend and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 70) is denied. Although this motion was timely filed, I cannot fathom the need for such an amendment, since it is black letter law that a party cannot be held liable for infringement of a claim unless that claim is valid and enforceable. See Viskase Corp. v. American Nat. Can Co., 261 F.3d 1316, 1323 (Fed. Cir. 2001). Adding unnecessary language[1] to a pleading usually leads to mischief and

---

[1] Defendants want to add to their affirmative defense of non-infringement that "[t]he manufacture, use, offer for sale, sale or importation of Adenosine Injection, USP specified in ANDA No. 77-425 does not and will not infringe **any asserted valid and**

I decline to encourage such conduct.

                                               _/s/ Sue L. Robinson_
                                               United States District Judge

---

**enforceable claim** of the '296 patent, either literally or under the doctrine of equivalents." (D.I. 70, exs. A, B)