# E-Mail Request for Emergency Relief

1. Case Number:  05 -cv- 336  -SLR

2. Check the box that applies:

    ☐ Requesting a teleconference with the parties and the court
    ☐ Requesting an in-person conference with the parties and the court
    ✓ Requesting either of the above listed options at the court's determination

3. BRIEFLY describe the reason for this **emergency** request:

    The dispute is whether both parties should have equal time for each infringement and each invalidity expert deposition. Plaintiffs insist that Sicor has only 7 hours total for a combined infringement and invalidity expert deposition for the '296 patent because Plaintiffs used a single expert for both subjects. All other experts addressed a single subject and accordingingly will be tendered for a 7 hour deposition on that subject. Plaintiffs rely on the Scheduling Order, which states that expert depositions are limited to 7 hours. When the Scheduling Order was negotiated, however, neither party discussed or anticipated the present situation, and we respectfully submit that Plaintiffs position will prejudice Sicor's ability to fully discover plaintiffs' expert positions on the '296 patent. Moreover, fairness and equal treatment of the parties militates in favor of giving both sides the the same amount of expert deposition time for each topic on which expert opinions are offered. Good cause thus exists.

    *Any text added beyond the limits of this space will be disregarded by the court.

4. Name of opposing counsel contacted about this request: Susan H. Griffen, Esq.

5. Response of opposing counsel to this request:

    Plaintiffs refused Sicor's request.

6. Name of local counsel making this request: Karen E. Keller, Esq.

7. Today's Date: Sept. 6, 2006

****************************************************************************************

For court use only:

☐ A teleconference will be held on _____ to be coordinated and initiated by _____

☐ An in-person discovery conference will be held on: _____

✓ Other: See Attached response (page 3).

①

**Opposing Counsel's Response to E-Mail Request for Emergency Relief**

1. Case Number:  05-cv-336-SLR

2. BRIEFLY state your response to the **emergency** request made by opposing counsel:

> The stipulated Scheduling Order is clear and should control. It is hardly believable that Plaintiffs' use of a single expert to opine on both infringement and validity was not forseeable to Defendants when the Order was negotiated. However, in response to Defendants' concerns and contrary to their representations, on 8/29 Plaintiffs proposed a compromise in which all experts who filed two reports, be they on infringement and validity, as did Plaintiffs' Dr. Zaret, or on invalidity and separately on secondary indicia, as did Defendant's experts, be deposed for 10 hours each. This proposal was rejected as "extremely inequitable." However, Plaintiffs respectfully submit that it would be unfair to allow Defendants extra time without also allowing extra time to Plaintiffs where there are multiple reports. Notably, Defendants have not yet even tried to complete Dr. Zaret's deposition in the originally-allotted 7 hours.

*Any text added to beyond the limits of this space will be disregarded by the court.

3. Name of local counsel submitting this response: Richard K. Herrmann, Esq.

4. Today's Date: September 6, 2006

**************************************************************************************



The parties dispute whether the deposition of an expert retained to opine on two subjects (validity and infringement) should be limited to 7 hours, as mandated by the scheduling order, or should be lengthened to accommodate the expanded scope of the subjects he/she addressed in the export report(s). Although parties can engage in mischief if deposition hours are allocated per each expert report (i.e., there would be a separate report for every issue) rather than per expert, nevertheless, in this case, where the parties did not anticipate the situation, cannot agree on a solution, and the number of reports has been established, I conclude the most equitable and expeditious way to move the case forward is to allocate 7 hours of deposition time per expert report. If any party abuses the process, I will remain available to be contacted during the actual depositions.