IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC.<br><br>    Plaintiffs,<br><br>  v.<br><br>SICOR INC. and SICOR PHARMACEUTICALS, INC.<br><br>    Defendants. | Civil Action No. 05-336-SLR |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM
CONCERNING PROPOSED TESTIMONY OF INVENTOR, ALF SOLLEVI**

Plaintiffs propose to call as their first witness Dr. Alf Sollevi, the inventor of the '296 patent, to provide fact testimony regarding the background of the invention, including, *inter alia*, an explanation of the problems that existed at the time the invention was made and his solution to those problems. Defendants' attempt to exclude all of Dr. Sollevi's testimony is incorrect for the reasons set forth below. Moreover, Defendants first raised the issue of Dr. Sollevi's testimony six minutes prior to the opening of the trial, in spite of knowing, from the beginning of the case, that Dr. Sollevi has been a proposed trial witness. *See* Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) of Item Development AB (served Sept. 23, 2005) and Plaintiffs' Disclosure of Fact Witnesses (served November 20, 2006).

Defendants argue that Dr. Sollevi should not testify, premising their argument that he cannot testify regarding the state of the art, or his invention, on two points: (1) he has not been disclosed as an expert; and (2) his thoughts regarding the invention are irrelevant to the Court's determination of obviousness. First, Plaintiffs are not offering Dr. Sollevi as an expert witness, but as a fact witness. He will not be opining on the "state of the art." Plaintiffs submit that Dr. Sollevi will testify regarding the traditional fact questions (who, what, where, when, and why) with respect to matters within his personal knowledge. Such testimony does not require disclosure as an expert nor an expert statement.

Second, the Federal Circuit has indicated that "[a]n inventor is a competent witness to explain the invention … . The testimony of the inventor may also provide background information, including explanation of the problems that existed at the time the invention was made and the inventor's solution to these problems." *Voice Technologies Group, Inc. v. VMC Systems, Inc.*, 164 F.3d 605, 616 (Fed. Cir. 1999) (citing *Hoescht Celanese Corp. v. BP Chemicals Ltd.*, 78 F.3d 1575, 1580 (Fed. Cir. 1996)(the appellate decision in the case relied upon by Defendants)). Inventors have provided factual testimony in trials when the issue was validity. *See, e.g., Syngenta Seeds, Inc. v. Monsanto Company*, 404 F.Supp.2d 594, 601 (D. Del. 2005) (Robinson, J.). In *Syngenta,* the Court determined that the inventor "could properly testify about what he invented" as a fact witness. *Id.* at 604.

Moreover, as Judge Farnan recognized in *Forest Laboratories, Inc. v. Ivax Pharmaceuticals, Inc.*, a fact witness may possess "sufficient knowledge and expertise to testify as to the results of research work that [he] performed." 237 F.R.D. 106, 115, 2006

WL 2056494, **6 (D. Del. July 25, 2006). This is indeed the type of testimony that Dr. Sollevi will provide. In *Forest Laboratories*, the Defendants objected to the fact testimony of Dr. Bogeso with respect to his review article because he was not offered as an expert witness. *Id.* However, the Court determined that Dr. Bogeso's testimony was "sufficiently grounded in the witness' first-hand knowledge and sufficiently reliable to be admissible" under Federal Rule of Evidence 701. *Id. See also Corning Inc. v. SRU Biosystems*, 2005 WL 2465900 (D. Del. Oct. 5, 2005); *In re Omeprazole Patent Litigations*, 2002 WL 287785, *6 fn.7 (S.D.N.Y. 2002) (instructing that "fact witnesses who are skilled in the art, *including the named inventors* of the [patents in issue], are competent to testify concerning prior art documents") (emphasis added).

Finally, Plainitiffs respectfully submit that Defendants' request be denied as manifestly untimely. Sicor had considerable notice of Plaintiffs' intention to call Dr. Sollevi as a witness in this case. For example, in Plaintiffs' initial disclosures served on September 23, 2005, and Plaintiffs' disclosure of fact witnesses served on November 20, 2006, Plaintiffs explicitly highlighted their intention to call Dr. Sollevi as a witness. Moreover, the parties spent considerable time agreeing to the issues found in the stipulated Pretrial Order filed on January 29, 2007, pursuant to Local Rule 16.4. This Rule cautions against the element of surprise and fosters the policy of full disclosure with respect to trial issues. *Becton Dickinson and Co. v. Tyco Healthcare Group LP*, 2006 WL 890995, *10 (D. Del., Mar. 31, 2006). The Defendants did not raise any objection to the inventor's testimony in the Pretrial Order. "The Federal Rules of Civil Procedure were adopted, in part, to eliminate the element of 'surprise' in litigation. Indeed, the Rules exist to 'insure that causes [are] fully and fairly litigated by parties to

the action from the outset.'" *Id.* (citing *Twigg v. Norton Co.,* 894 F.2d 672, 675 (4th Cir. 1990) (citing 8 Wright & Miller, *Federal Practice and Procedure* § 2001)).

Plaintiffs have prepared their case with the intention of presenting the inventor of the patents in suit to testify on a number of fact issues. This is very relevant to the issues before the court, as was demonstrated during the opening statements. To prevent the Plaintiffs from offering such evidence is particularly prejudicial in light of the Defendants' utter failure to disclose this "trial tactic," in flagrant disregard of the Pretrial Order. This Court consistently strives to prevent such prejudice and will hold a party accountable for its failures of disclosure in the Pretrial Order. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997).

Dated: February 12, 2007

Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801
Tel.: (302) 888-6800
rherrmann@morrisjames.com
mmatterer@morrisjames.com

Charles E. Lipsey (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675
Tel: (571) 203-2700

Paul M. Lukoff, (I.D. #96)
David E. Brand (I.D. #201)
PRICKETT, JONES & ELLIOTT, P.A.
1310 King Street
Wilmington, DE 19899
Tel.: (302) 888-6500
pmlukoff@prickett.com
debrand@prickett.com

John Scheibeler (*pro hac vice*)
WHITE & CASE LLP
1155 Avenue of the Americas
New York, NY 10036
Tel: (212) 819-8830
jscheibeler@whitecase.com
*Attorneys for Plaintiff
Item Development AB*

Susan H. Griffen (*pro hac vice*)
David P. Frazier (*pro hac vice*)
FINNEGAN, HENDERSON, FARABOW,
  GARRETT & DUNNER, L.L.P.
901 New York Avenue, NW
Washington, D.C.  20001-4413
Tel:  (202) 408-4000

*Attorneys for Plaintiffs*
*Astellas US LLC and*
*Astellas Pharma US, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of February, 2007, I electronically filed the foregoing document, **PLAINTIFFS' RESPONSE TO DEFENDANTS' MEMORANDUM CONCERNING PROPOSED TESTIMONY OF INVENTOR, ALF SOLLEVI,** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

Paul M. Lukoff
David E. Brand
Prickett, Jones & Elliott, P.A.
1310 King Street
Wilmington, DE 19801

Josy W. Ingersoll
John W. Shaw
Karen E. Keller
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

Additionally, I hereby certify that on the 12th day of February, 2007, the foregoing document was served via e-mail on the following non-registered participants:

John Scheibeler
White & Case, LLP
1155 Avenue of the Americas
New York, NY 10036
(212) 819-8830
jscheibeler@whitecase.com

Annemarie Hassett
Goodwin Procter LLP
599 Lexington Avenue
New York, NY 10022
(212) 813-8800
ahassett@goodwinprocter.com

_____
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
MORRIS JAMES LLP
222 Delaware Avenue, 10th Floor
P.O. Box 2306
Wilmington, DE 19899-2306
Tel: (302) 888-6800
Fax: (302) 571-1751
rherrmann@morrisjames.com
mmatterer@morrisjames.com

*Attorneys for Plaintiffs*
*Astellas US LLC and*
*Astellas Pharma US, Inc.*