IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
ITEM DEVELOPMENT AB, ASTELLAS US        )
LLC, and ASTELLAS PHARMA US, INC.,      )
                                        )
                  Plaintiffs,           )
                                        )
            v.                          )   Civil Action No. 05-336 SLR
                                        )
SICOR INC. and                          )
SICOR PHARMACEUTICALS, INC.,            )
                                        )
                  Defendants.           )
                                        )
                                        )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
```

**Defendants' Memorandum Concerning Proposed Testimony of Inventor, Dr. Alf Sollevi**

Plaintiffs propose to call Dr. Alf Sollevi. Defendants submit that Dr. Sollevi cannot provide the court with competent testimony for two reasons. First, Dr. Sollevi's subjective thoughts regarding the alleged invention are irrelevant to the court's determination of obviousness under 35 U.S.C. §§ 102, 103. Second, Dr. Sollevi cannot testify regarding the state of the art or characterize the alleged invention because he has not been disclosed or qualified as an expert.

**I. Dr. Sollevi's Testimony About the Patent Is Irrelevant to the Issue of Obviousness**

The Federal Circuit has clearly held that the inventor's motivation is irrelevant to the obviousness inquiry under 35 U.S.C. §§ 102, 103. *See Life Tech., Inc. v. Clontech Labs., Inc.*, 224 F.3d 1320, 1325 (Fed. Cir. 2000). This includes the inventor's subjective assertions, thoughts, and analysis of the prior art and the inventor's "circumstances." *See Eisai Co., Ltd. V. Teva Pharm. USA, Inc.*, 2006 WL 2872615, slip op. at *2-*3 (S.D.N.Y. 2006) (disregarding the evidence concerning the "actions, methods, [and] goals of the *actual* inventor" and the inventor's "subjective circumstances," which "are irrelevant to the time-frozen, objective obviousness inquiry."). "The importance of resolving the level of ordinary skill in the art lies in the necessity of maintaining objectivity in the obviousness inquiry. Instead of ascertaining what was subjectively obvious to the inventor at the

time of invention, the court must ascertain what would have been objectively obvious to one of ordinary skill in the art at such time." *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718 (Fed. Cir. 1991). *See also Hoechst Celanese Corp. v. BP Chem. Ltd.*, 846 F. Supp. 542, 547 (S.D. Tex. 1994) ("evidence of the patent's 'subjective obviousness' to the inventor … is direct evidence of nothing.") (citing *Ryko Mfg.*). "There is no presumption … that the inventor is the equivalent of [the] hypothetical" person of ordinary skill in the art. *Poly-Am. Inc. v. Serrot Int'l, Inc.*, 2002 WL 1996561, at *5 (N.D. Tex. 2002). Similarly, the inventor's lack of knowledge of the art is irrelevant to the determination of obviousness. *See Esso Research & Eng'g Co. v. Kahn & Co., Inc.*, 379 F. Supp. 205, 213-14 (D. Conn. 1974). Any testimony that he might give about what was known or not known prior to the priority date does not constitute evidence of the then-existing prior art. Consequently, as the inventor, Dr. Sollevi's testimony regarding his subjective thoughts, assertions, and analysis of the prior art has no bearing on the determination of whether the invention would be obvious to a person of ordinary skill in the art.

## II. Dr. Sollevi Cannot Testify As an Expert Regarding the State of the Art

Nor can Dr. Sollevi testify regarding the state of the art or characterize the alleged invention. The state of the art and the characterization of the invention are matters for expert testimony. FRE 701-704. Plaintiffs have not timely disclosed Dr. Sollevi as an expert witness as required by FRCP Rule 26(a)(2), the local rules of this Court, and the Scheduling Order in this case.

## III. Conclusion

For these reasons, Dr. Sollevi can offer no competent testimony and his testimony should be excluded.

By their attorneys,

Dated: February 12, 2007

*/s/ Karen E. Keller*
_____
John W. Shaw
Karen E. Keller
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Of Counsel:

David M. Hashmall, P.C.
Annemarie Hassett
Anastasia M. Fernands
GOODWIN PROCTER LLP
c/o Sheraton Suites
Legal Suite A
422 Delaware Street
Wilmington, DE  19801
(302) 576-8167
*Attorneys for Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

I, Karen E. Keller, Esquire, hereby certify that on February 12, 2007, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

| | |
|---|---|
| Paul M. Lukoff, Esquire | Richard K. Herrmann, Esquire |
| David E. Brand, Esquire | Morris James Hitchens & Williams |
| Prickett Jones & Elliot, P.A. | 222 Delaware Avenue, 10th Floor |
| 1310 King Street | P.O. Box 2306 |
| P.O. Box 1328 | Wilmington, DE 19899-2306 |
| Wilmington, DE 19899 | |

I further certify that on February 12, 2007, I caused copies of the foregoing document to be served by e-mail on the above-listed counsel and on the following in the manner indicated:

**BY E-MAIL**

Charles E. Lipsey, Esquire
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
c/o Hotel Dupont, Suite 1140
11th and Market Streets
Wilmington, DE  19801

**BY E-MAIL**

Susan H. Griffen, Esquire
David Frazier, Esquire
Allison Green, Esquire
Mark Feldstein, Esquire
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, LLP
c/o Hotel Dupont, Suite 1140
11th and Market Streets
Wilmington, DE  19801

**BY E-MAIL**

John Scheibeler, Esquire
WHITE & CASE, LLP
1155 Avenue of the Americas
New York, NY 10036

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ *Karen E. Keller*
Josy W. Ingersoll (No. 1088)
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600
kkeller@ycst.com
*Attorneys for Defendants*