IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ITEM DEVELOPMENT AB, ASTELLAS US LLC, and ASTELLAS PHARMA US, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civil Action No. 05-336 SLR |
| SICOR INC. and SICOR PHARMACEUTICALS, INC., ) ) ) | |
| Defendants. ) ) ) | |

**DEFENDANTS' REPLY MEMORANDUM CONCERNING
PROPOSED TESTIMONY OF INVENTOR, DR. ALF SOLLEVI**

Plaintiffs' response in favor of the proposed testimony of Dr. Alf Sollevi reinforces Defendants' view that his testimony is incompetent.

Plaintiffs now make plain that Dr. Sollevi is a fact witness (who, what, where, etc.), but his testimony to that effect is not relevant to the invalidity of the '296 patent. The issue is what would have been objectively obvious to a person of the ordinary skill of the art, not the details of what the inventor did. *Ryko Mfg. Co. v. Nu-Star, Inc.*, 950 F.2d 714, 718 (Fed. Cir. 1991). It is an objective, not a subjective test. Dr. Sollevi's own views about the prior art, as a fact witness, are not relevant.

The weakness of Plaintiffs' position is demonstrated by the cases they advance as authority. None of their cases supports the view that an inventor's fact testimony is relevant to the determination of obviousness of his own patent. In *Voice Tech. Group, Inc. v. VMC Sys., Inc.*, an inventor was permitted to testify in an infringement and tort case. 164 F.3d 605, (Fed. Cir. 1999). Infringement, however, is not at issue in this case. In *Syngenta Seeds v. Monsanto*

*Co.*, the inventor permitted to testify was an inventor of a prior art patent, not the patent at issue, and the testimony was offered to show that the patent-in-suit was obvious in view of the testifying investor's prior art patent application.  404 F. Supp. 2d at 601-02.  This Court recognized in that case that "testimony of an inventor regarding the scope of his or her patented invention has little probative value without factual support." *Id.* at 601.  Similarly, in *Forest Laboratories*, the testimony of a fact witness concerning a pharmacological study was admitted, but that study was not the patent at issue.  *Forest Labs., Inc. v. Ivax Pharm., Inc.*, 237 F.R.D. 106, 115 (D. Del. 2006).  *Corning Inc. v. SRU Biosystems* does not address inventor testimony; it solely concerns expert testimony.  2005 WL 2465900 (D. Del. 2005).  In *Hoechst Celanese Corp. v. BP Chems. Ltd.*, where the Federal Circuit allowed investor testimony in the context of claim construction, the Court noted "*Markman* requires us to give no deference to the testimony of the inventor about the meaning of the claims." 78 F.3d 1575, 1580 (Fed. Cir. 1996) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 983 (Fed. Cir. 1995).  Contrary to Plaintiffs' assertion, the Federal Circuit's decision in *Hoechst* does not contradict the district court's statement that "evidence of the patent's 'subjective obviousness' to the inventor … is direct evidence of nothing." *Hoechst Celanese Corp. v. BP Chem. Ltd.*, 846 F. Supp. 542, 547 (S.D. Tex. 1994).  Neither *Hoechst* opinion provides support for Plaintiffs' position.  Finally, the court in *In re Omeprazole Patent Litigation* denied motions in limine, stating in a footnote that named inventors were competent to testify as to prior art.  2002 WL 287785, at *6 n.7 (S.D.N.Y. 2002).  That ruling offers no useful guidance, as this motion was decided prior to trial, and the court did not address the relevance of such testimony to the issues to be tried.  *Id.*

      Finally, Plaintiffs' complaint that Defendants' opposition to Dr. Sollevi's testimony comes too late is without basis.  The circumstances changed on February 6 once Defendants stipulated to infringement, if the claims were otherwise valid, and that narrowed the issues in the

case to invalidity.  Plaintiffs accuse Defendants of violating the Pre-Trial Order; but they cite no specific provision of the Pre-Trial Order because of course there is no such provision that Defendants have violated.

In summary, Dr. Sollevi's proposed fact testimony is not relevant to the validity of the patent at issue, and Plaintiffs have provided no authority for its admissibility.  His testimony should be excluded.

By their attorneys,

Dated:  February 13, 2007

*/s/ Karen E. Keller*
_____
John W. Shaw
Karen E. Keller
YOUNG CONAWAY
STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
(302) 571-6600

Of Counsel:

David M. Hashmall, P.C.
Annemarie Hassett
Anastasia M. Fernands
GOODWIN PROCTER LLP
c/o Sheraton Suites
Legal Suite A
422 Delaware Street
Wilmington, DE  19801
(302) 576-8167
*Attorneys for Defendants Sicor, Inc. and Sicor Pharmaceuticals, Inc.*